# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROMANCE GUNN,**

    **Petitioner,**

v.                                                Case No. 20-CV-1623

**ERNELL R. LUCAS,**

    **Respondent.**

---

## RECOMMENDATION FOR DISMISSAL OF PETITION[1]

---

Romance Gunn, who is currently incarcerated at the Milwaukee County Jail, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 1.) Gunn also moves for leave to proceed without prepaying the $5.00 filing fee applicable to § 2241 petitions. (Docket # 2.) Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A prisoner seeking to bring a civil action without prepayment of fees must, in addition to filing the affidavit, submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the petition. 28 U.S.C. § 1915(2). In a letter dated October 26, 2020, Gunn was instructed to

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the petition. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

submit his prison trust account statement within twenty-one days. (Docket # 3.) After Gunn failed to provide his trust account statement within the allotted timeframe, he was ordered to provide his statement by December 4, 2020 or face dismissal of his motion. (Docket # 4.) On November 30, 2020, Gunn filed a document called "Inmate Balance History Report – Simple." (Docket # 5.) This document, however, is neither certified, nor does it cover the 6-month period immediately preceding the filing of the petition. (*Id.*) Thus, it does not comply with § 1915(2). Accordingly, Gunn's motion to proceed without prepayment of the filing fee is denied.

It would be futile, however, at this juncture to require Gunn to pay the $5.00 filing fee prior to screening his § 2241 petition. Pursuant to Rule 1(b) of the Rules Governing § 2254 Cases, I can apply Rule 4 of such rules, providing for a prompt preliminary review of petitions for habeas corpus, to this case. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Gunn is a pretrial detainee, thus, he properly sought relief under § 2241. Gunn challenges ongoing proceedings in Milwaukee County Circuit Court Case No. 2019CF4289. (Docket # 1.) Gunn raises three grounds for relief in his habeas petition: (1) a violation of his right to a speedy trial; (2) excessive bail; and (3) violation of the Fourth Amendment. (Docket # 1 at 10–11.)

While § 2241 allows a pretrial detainee to bring a habeas corpus petition, this ability is limited by the desire of federal courts not to interfere with pending state criminal prosecutions

except in special circumstances. *Hall v. Malcomson*, No. 17-CV-726-JPS, 2017 WL 2533392, at *3 (E.D. Wis. June 9, 2017). The general rule is that a pretrial detainee must proceed with his claims through the regular state criminal proceedings, and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). But an exception is made for claims that must be addressed by the federal court prior to a state conviction in order to prevent them from becoming moot. *Id.* Speedy trial and double jeopardy claims are two recognized exceptions allowed to proceed under § 2241. *Id.* Habeas corpus relief (under both § 2241 and § 2254) is limited to questions of federal law; relief is unavailable for errors of state law. *Estelle v. McQuire*, 502 U.S. 62, 67 (1991). Finally, pretrial detainees raising permissible federal claims under § 2241 must exhaust those claims first through available state court proceedings. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ").

While Gunn alleges a Fourth Amendment violation, it is unclear how his rights were violated. He states that a "CR-215 probable cause form is attached to complaint. It is a requirement sealed by stamp and approved by a judge, then filed in the Clerk of Courts." (Docket # 1 at 11.) Perhaps he means to allege that his charging document was unsupported by probable cause, but again, that is unclear from the face of the petition. Even assuming, however, that he properly alleges a Fourth Amendment violation, there is no indication from the face of the petition that he raised this issue with the state court. Thus, Gunn would not be entitled to relief on this ground.

3

Gunn also alleges that his bail was excessive. (*Id.* at 10–11.) Although an excessive bail claim can be litigated in a habeas action, the federal courts "cannot be expected to conduct a *de novo* bond hearing for every habeas corpus case that comes before it. This would not only further burden the federal court system . . . but would also represent an unwarranted interference in the operation of the state's criminal justice system." *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1133 (7th Cir. 1984) (citations omitted). As such, "the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Id.* (internal quotation and citations omitted).

Gunn has been charged with first-degree reckless homicide with use of a dangerous weapon and as a party to a crime and with being a felon in possession of a firearm. Milwaukee County Circuit Court records indicate that Gunn's initial cash bond was set at $100,000.00. Consolidated Court Automation Programs (CCAP), WI Circuit Court Access for Milwaukee County, Case No. 2019CF4289, at http://wcca.wicourts.gov (last visited Nov. 30, 2020). Gunn filed several *pro se* motions to modify bail, which was ultimately reduced to $25,000.00 on August 24, 2020. Gunn has subsequently filed two additional *pro se* motions to reduce bond, that have not yet been addressed by the circuit court. Although Gunn alleges that his bail was not set in "a fair amount" and correctly states that bail should not "be used as a punishment," (Docket # 1 at 11) Gunn makes no assertion that his bail was arbitrarily set. Further, given Gunn has two bond motions currently pending before the circuit court, Gunn has not yet exhausted his state court remedies as to this issue. As such, this ground also fails.

Finally, Gunn raises a speedy trial violation. As stated above, a speedy trial violation is a recognized exception to the general rule that federal courts should not interfere with

4

ongoing state court criminal proceedings. However, speedy trial claims are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely. *Graf v. Clarke*, No. 14-C-1205, 2014 WL 5361309, at *1 (E.D. Wis. Oct. 20, 2014); *see also Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright."). Gunn does not ask the Court to force a trial in state court in order to protect his constitutional right to a speedy trial. Rather, he asks for "dismissal of all charges against me." (Docket # 1 at 12.)[2]

Furthermore, it is not clear that Gunn's rights have been violated. It is true that Gunn's state court case has been pending for over a year. A review of the Milwaukee County Circuit Court public records indicates that a complaint was filed on September 26, 2019 and Gunn first appeared in court on September 30, 2019. CCAP, Case No. 2019CF4289, at http://wcca.wicourts.gov (last visited Nov. 30, 2020). A preliminary hearing was held on October 9, 2019, at which time Gunn entered a not guilty plea. (*Id.*) A final pretrial conference was initially set for December 19, 2019, with a jury trial set for February 24, 2020. (*Id.*) At the December 19, 2019 hearing, Gunn entered a speedy trial demand. (*Id.*) The hearing was adjourned until December 23, 2019 to "allow additional communication between the defendant and defense counsel and for reasons placed on the record." (*Id.*) The jury trial, however, remained calendared for February 24, 2020. (*Id.*)

---

[2] Gunn also asks for a "cash settlement" for "the deprivation of [his] liberty." (Docket # 1 at 12.) While a "claim for release from custody falls squarely within the domain of federal habeas corpus," money damages cannot be awarded in a habeas case. *Strother v. True*, No. 20-CV-00378-JPG, 2020 WL 3469679, at *2 (S.D. Ill. June 25, 2020).

At the adjourned final pretrial conference on December 23, 2019, defense counsel informed the court "that there has been a breakdown in communication [with Gunn] that is irreconcilable." (*Id.*) Defense counsel was allowed to withdraw, and the case was adjourned so that new counsel could be appointed. (*Id.*) The jury trial, however, remained calendared for February. (*Id.*) At a status conference on January 8, 2020, Gunn's newly appointed defense counsel appeared in court. (*Id.*) The court noted that "[n]o speedy [trial] demand has been reasserted at this point," and trial remained on the calendar for February. (*Id.*) Soon thereafter, however, Gunn's newly appointed counsel moved to withdraw, noting an ethical conflict with a former client. (*Id.*) On January 24, 2020, the court granted counsel's motion to withdraw, but kept the February trial date on the calendar. (*Id.*)

Gunn was appointed new counsel on February 11, 2020. (*Id.*) Given counsel's recent appointment, he requested the case be set for a status conference. (*Id.*) The court vacated the February 24 trial date and rescheduled the jury trial for May 26, 2020. (*Id.*) Soon thereafter, however, as was the case with many of the courts across the United States, the Covid-19 pandemic interfered with the court's ability to hold jury trials. On April 10, 2020, the court rescheduled Gunn's jury trial for August 24, 2020, stating "[t]his is due to Covid-19 pandemic." (*Id.*) However, at a hearing held on July 27, 2020, the court found that "[d]ue to the complexity of this case, [it] will vacate the Jury trial on 8/24/2020." (*Id.*) Jury trial was rescheduled for October 12, 2020. (*Id.*) An additional demand for a speedy trial was made at this time. (*Id.*) During a status conference held on September 30, 2020, however, the court noted that October 12 was not one of its branch's scheduled trial dates and thus vacated the October 12 trial date and rescheduled jury trial for January 25, 2021. (*Id.*) As of the date of this Order, Gunn's trial remains scheduled for January 25, 2021.

Thus, it appears from the record that any delay in Gunn's case was due to the appointment of new counsel for Gunn, the complexity of the case, and the Covid-19 pandemic. The CCAP record indicates that Gunn's counsel agreed to these continuances. Even if Gunn now argues that he disagrees with counsel's decisions, "he is nonetheless bound by his attorneys' decisions on matters such as requesting a continuance. Such delays are not attributable to the state." *Stites v. Schmidt*, No. 17-CV-1318, 2017 WL 4621091, at *3 (E.D. Wis. Oct. 13, 2017), *report and recommendation adopted*, No. 17-C-1318, 2017 WL 5032765 (E.D. Wis. Nov. 1, 2017). More importantly, Gunn is scheduled to go to trial in less than two months. Gunn has not presented any exceptional circumstances to justify interfering with his ongoing state criminal proceedings. For these reasons, it is recommended that Gunn's § 2241 petition be dismissed.

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009) (a certificate of appealability is required in a § 2241 case where custody stems from process issued by the judicial branch—as opposed to the executive branch—of the state). Because no reasonable jurists would debate that Gunn has not exhausted his state court remedies or raised exceptional circumstances to justify interfering with his state criminal proceedings, I recommend denial of a certificate of appealability.

**NOW, THEREFORE, IT IS RECOMMENDED** that Gunn's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a certificate of appealability be **DENIED**.

**IT IS ORDERED** that Gunn's motion for leave to proceed without prepayment of the filing fee (Docket # 2) is **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 8th day of December, 2020.

BY THE COURT

NANCY JOSEPH
United States Magistrate Judge